THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELEN MCCULLOUGH,<br><br>               Plaintiff,<br><br>      v.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C17-1234-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to amend her complaint and remand to state court (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

In early 2015, Helen McCullough's ("McCullough") house began to settle around her two-story fireplace. (Dkt. No. 17 at 7.) At all relevant times, McCullough had a homeowner's insurance policy issued by Travelers Home and Marine Insurance Company ("Travelers"). (Dkt. No. 1-2 at 2.) After an initial inspection, Travelers determined that the settling damage was a loss covered by McCullough's policy (Dkt. No. 17 at 8.)

Travelers hired an independent consultant, Done Right Construction ("Done Right"), to

1  prepare a repair estimate for McCullough's home. (*Id.*) Done Right provided Travelers with an

2  initial scope of repair estimate totaling $57,437.65. (Dkt. No. 17 at 16.) Travelers accepted the

3  estimate and issued payment to McCullough. (*Id.*) McCullough subsequently hired Done Right

4  to be the general contractor for the repair of her house. (*Id.*)

5        From the outset, McCullough experienced construction delays that appeared to be caused

6  by Done Right. (*Id*. at 7, 16.) McCullough, Travelers, and Done Right repeatedly exchanged

7  correspondence to determine the progress of the repairs. (*See generally id.* at 46-53.) In

8  December 2016, Done Right submitted an updated scope of work estimate totaling $144,122.14

9  (*Id*. at 17.) Travelers accepted the estimate and issued payment to McCullough. (*Id*.)

10       McCullough eventually terminated Done Right after she made several attempts to get the

11 company to finish the repairs to her house. (*Id*. at 17–18.) In May 2017, McCullough filed suit

12 against Travelers in Snohomish County Superior Court alleging the company had breached its

13 contract, violated the Washington Consumer Protection Act, and acted in bad faith. (Dkt. No. 1-2

14 at 3–5.) Travelers removed the case to this Court on August 15, 2017. (Dkt. No. 1.)

15       After filing suit, McCullough hired a third-party contractor to provide an updated scope

16 of repair estimate. (Dkt. No. 17 at 18.) The contractor provided an estimate totaling

17 $291,165.90—an amount well above McCullough's policy limit for structural damage. (*Id*.) In

18 light of that estimate, McCullough requested that Travelers pay her the policy limit. (*Id*.)

19 Travelers declined. (*Id*.) McCullough subsequently filed notice with Travelers and the

20 Washington Insurance Commission that alleged Travelers violated the Washington Insurance

21 Fair Conduct Act ("IFCA"), Revised Code of Washington § 48.30.015. (*Id*. at 15.)

22       McCullough now moves the Court for three things: (1) leave to amend her complaint to

23 add a claim against Travelers for violation of IFCA; (2) leave to amend her complaint to join

24 Done Right as a defendant and assert claims of breach of contract, conversion, and violation of

25 the Consumer Protection Act; and (3) assuming the Court joins Done Right, to remand the case

26 to Snohomish County Superior Court because there would no longer be complete diversity of

citizenship. (Dkt. No. 16 at 1.) The Court addresses these issues in turn.

## II. DISCUSSION

### A. Amendment to Add IFCA Claim

District courts are afforded discretion to grant leave to amend and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Courts are to consider five factors in granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

The above factors weigh in favor of granting McCullough leave to amend her complaint to add an IFCA claim against Travelers. McCullough does not seek to amend in bad faith: she wants to add this claim based on Traveler's denial of her request for the policy limit, which occurred after she filed her lawsuit. (Dkt. No. 17 at 18.) She did not act with undue delay: her amendment comes less than two months after she gave statutorily-required notice to Travelers that she planned to file an IFCA claim and less than a month after Travelers refused to settle the claim. (*Id*. at 7–11.) Travelers is not prejudiced by the amendment: McCullough provided notice that she intended to file the claim and it arises out of the same insurance dispute as her other claims. McCullough has not previously amended her complaint and her IFCA claim would not be futile.

Travelers raises a single objection to McCullough's amendment. The IFCA states that "Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner." Rev. Code of Wash. § 48.30.015(8)(a). Because McCullough filed her lawsuit months before she filed her IFCA notice, Travelers argues that her claim is untimely. The Court disagrees with Travelers' narrow reading of the statute. The statute requires a party to provide

timely notice of the basis for bringing an IFCA claim—whether the 20-day notice occurs before a lawsuit commences or after an amendment to an existing lawsuit is irrelevant. Travelers offers no authority in support of its position, which, if accepted, would lead to anomalous results.

For those reasons, the Court GRANTS McCullough leave to amend her complaint to add an IFCA claim against Travelers.

**B. Amendment to Join Done Right**

Generally, a party's motion to amend a complaint to join a party would be analyzed under Federal Rule of Civil Procedure 15. The standard is different, however, where a plaintiff attempts to join a non-diverse party in a case that has been removed to federal court based on diversity jurisdiction. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). The decision to grant or deny joinder of a non-diverse party belongs to the district court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising this discretion, courts generally consider the following factors:

> (1) Whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) Whether the statute of limitations would preclude an original action against the new defendants in state court; (3) Whether there has been unexplained delay in requesting joinder;
> (4) Whether joinder is intended solely to defeat federal jurisdiction; (5) Whether the claims against the new defendant appear valid; and (6) Whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). The parties agree that the Court should apply these factors to reach its decision. (Dkt. Nos. 16 at 11, 19 at 2.)

### 1. Just Adjudication and Rule 19

Under Federal Rule of Civil Procedure 19(a), a person must be joined as a party if his or her absence would prevent a court from providing complete relief to the existing parties or leave

an existing party subject to inconsistent obligations. While the Court should consider the Rule 19 standard when deciding whether a non-diverse party should be joined, an amendment under § 1447(e) is less restrictive than the Rule 19 standard. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12. McCullough asserts that Done Right is a necessary party because, in concert with Travelers, it caused her an "indivisible injury." (Dkt. No. 16 at 11.) McCullough asserts that both Done Right and Travelers were responsible for the changing scope of repair estimates and construction delays that caused her to incur economic and non-economic harm. (*Id*. at 10–11.) Travelers argues that "the claims against Travelers and [Done Right] are only tangentially related." (Dkt. No. 19 at 4.)

While the Court agrees with Travelers that Done Right would not be subject to mandatory joinder under Rule 19, McCullough's claims against both parties are sufficiently related such that Done Right's inclusion in the lawsuit would lead to a just adjudication of the entire dispute. Travelers engaged Done Right to provide an initial scope of repair for the covered loss to McCullough's house. (Dkt. No. 17 at 8.) Although Travelers asserts that it did not force McCullough to hire Done Right to complete the repairs, Travelers obtained an updated scope of repair from Done Right long after it had begun work on McCullough's house. (*Id*. at 17.) McCullough's allegations that Travelers failed to reasonably investigate and timely pay her claim are wrapped up with the same factual questions regarding whether Done Right breached its contract with McCullough by failing to adequately estimate the damage and complete its repairs in a timely manner. (*Id*. at 15–21.) Moreover, it appears that Travelers could raise defenses to some of McCullough's claims that would implicate Done Right and therefore make it an appropriate party to the litigation. (*See generally id.* at 7–11.)

The Court need not resolve the parties' dispute regarding whether Travelers and Done Right shared a principle/agent relationship or whether the parties are jointly and severally liable. (Dkt. No. 19 at 7.) It is enough for the Court to find that Done Right is centrally involved in McCullough's claims against Travelers, which weighs in favor of permitting joinder.

### 2. Statute of Limitations

McCullough does not assert that her claims would be time-barred if the Court refused to join Done Right. Accordingly, this factor weighs against permitting joinder.

### 3. Unexplained Delay in Requesting Joinder

Travelers argues that McCullough "has provided no real explanation for her delay in joining [Done Right]." (Dkt. No. 19 at 5.) McCullough filed her lawsuit against Travelers in May 2017, but as early as June 2017, she had sent Done Right a demand letter seeking return of all insurance funds it had been paid to that date. (Dkt. No. 17 at 58.) This correspondence demonstrates that McCullough was aware that she had a cause of action against Done Right since around the time she filed suit against Travelers. In addition, Travelers points out that McCullough suggested that she might seek to join Done Right in August 2017, but then waited four months to move for joinder. (*Id*. at 61.) McCullough asserts that she "moved without delay to join [Done Right] upon receiving Travelers' ultimate denial of benefits on November 20, 2017." (Dkt. No. 16 at 12.) McCullough's attorney stated by declaration that he "hoped that if Travelers agreed to issue payment of the policy benefits, I would be able to resolve Ms. McCullough's claims against Done Right Construction either without litigation or in a less expensive forum, e.g. arbitration." (Dkt. No. 17 at 2–3.)

The Court does not find McCullough's explanations for its delay in joining Done Right persuasive. McCullough waited for more than six months from the time it filed its lawsuit against Travelers to file this amendment to join Done Right, despite the fact that it knew it could bring its claims against the latter. Notwithstanding McCullough's apparent tactical decision to try and informally resolve her claims with Travelers before joining Done Right, the Court finds that the delay from removal to seeking amendment weighs against permitting joinder.

### 4. Motive for Joinder

The joinder of non-diverse defendants for the sole purpose of divesting a federal court of diversity jurisdiction is improper, and courts should closely scrutinize such attempts. *Desert*

*Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Based on the record, the Court cannot conclude that McCullough's sole purpose for joining Done Right is to destroy subject matter jurisdiction. As noted above, McCullough has legal claims against Done Right that overlap closely with her factual allegations against Travelers. (Dkt. No. 17 at 15–18.) Even before Travelers removed this case from state court, McCullough had intimated that she expected to join Done Right to the lawsuit. (*Id*. at 61.)

Travelers argues that McCullough's delay in seeking joinder demonstrates that McCullough's purpose is to divest the Court of jurisdiction. (Dkt. No. 19 at 6.) While the Court agrees that McCullough's delay counts as a strike against permitting joinder, it does not evince an intent to foil removal. Part of the delay was caused by McCullough's attempt to informally resolve her claims against the parties. (Dkt. No. 17 at 2–3.) Moreover, the Court can envision many reasons for why McCullough would want Travelers and Done Right in the same lawsuit: to conserve resources, address common issues of fact once, and reach a final resolution of all claims. Although McCullough's delay in seeking joinder may have been a tactical error, it does not convince the Court that her motion to amend is made in bad faith. Accordingly, this factor weighs in favor of permitting joinder.

### 5. Validity of McCullough's Claims Against Done Right

Travelers concedes that McCullough's proposed claims against Done Right may be valid. Indeed, Travelers communicated to McCullough that Done Right was largely responsible for the delays to the payment of her claim and repair of her house. (Dkt. No. 17 at 7–10.) Because McCullough's claims are valid, this factor weighs in favor of permitting joinder.

### 6. Prejudice from Denying Joinder

A plaintiff always suffers some degree of prejudice when she is forced to litigate separate lawsuits that deal with common questions of law or fact. *See Milton v. Xerox Corp.*, No. C15-5618-BHS, slip op. at 4 (W.D. Wash. Feb. 18, 2016). Prejudice arises because the plaintiff has to expend additional resources, and face the potential for conflicting rulings or inconsistent

outcomes. McCullough could face this kind of prejudice if joinder is denied. She also argues that if Done Right is not joined she "may lose the ability to assert joint and several liability, and may be unable to collect the full amount of her damages from either defendant." (Dkt. No. 16 at 12.)

Travelers argues that McCullough will not be prejudiced because her claims against each party are not "factually interrelated," and she has not "alleged any claim in her proposed Amended Complaint that would result in joint and several liability." (Dkt. No. 19 at 7.) The Court agrees with Travelers that McCullough has not specifically demonstrated how adjudication of her claims against Travelers and Done Right could prevent McCullough from collecting the full amount of her damages from either Defendant in separate lawsuits. (Dkt. No. 16 at 12.) In particular, the Court does not perceive how Travelers could be held liable for the claims against Done Right. Nevertheless, the Court disagrees with Travelers that McCullough's claims against the parties are not factually interrelated. *See supra* Part II.B.1. At any rate, the Court finds that the issue of prejudice is neutral to its decision regarding joinder.

In balancing the above factors, the Court concludes that joinder should be permitted in this case. McCullough's motion to amend her complaint to join Done Right is GRANTED.

### C. McCullough's Motion for Remand

Diversity Jurisdiction only exists if there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see also*, *Strawbridge v. Curtiss*, 7 U.S. 267, (1806). The parties agree that for the purposes of diversity McCullough and Done Right are citizens of Washington. (Dkt. Nos. 17 at 67, 19 at 8.) Based on the Court's ruling granting McCullough's amendment to join Done Right, it no longer has subject matter jurisdiction over this case. Accordingly, McCullough's motion to remand is GRANTED.

## III. CONCLUSION

For the foregoing reasons, McCullough's motion to amend and remand (Dkt. No. 16) is GRANTED. Within seven (7) days from the issuance of this order, McCullough shall FILE an amended complaint that is substantially similar to the proposed complaint attached with her

motion as exhibit 16. (Dkt. No. 17 at 66–82.) Once McCullough has filed her amended complaint, the Clerk of Court is DIRECTED to remand this case to Snohomish County Superior Court.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-1234-JCC
PAGE - 9